# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-730V
Filed: July 10, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| GERARDO CABELLO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Nancy Meyers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Althea Davis, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 1, 2017, Gerardo Cabello ("Mr. Cabello," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed left sensorineural hearing loss as a result of receiving an influenza vaccination on October 3, 2016. *See* Petition ("Pet."), ECF No. 1. On July 3, 2018, the undersigned issued an Order concluding the proceedings based on the parties' joint stipulation of dismissal. *See* Order, ECF No. 20.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On June 25, 2018, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 18. Petitioner requests attorneys' fees in the amount of $9,094.00 and attorneys' costs in the amount of $3,104.18, for a total amount of $12,198.18.[3] *Id.* at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. ECF No. 21-1.

On July 9, 2018 respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 22. Respondent stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs" have been met, and "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 2-3.

Petitioner filed a reply on July 9, 2018, reiterating his request for fees and costs. ECF No. 23.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $12,198.18**,[4] representing reimbursement for attorneys' fees in the amount of $9,094.00 and costs in the amount of $3,104.18, in the form of a check made payable jointly to petitioner and petitioner's counsel, Nancy Meyers, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to appropriate hourly rates in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.